Peelle, J.,
dissenting:
I dissent from the conclusion of the majority of the court-in this case, not because I do not believe the claimant to be entitled to the benefit of the act of January 12, 1899, as amended by the act of May 26, 1900, but because he has already been paid waiting-orders pay; and if not, then ho is *220 entitled to two months’ extra pay as provided by said act of 1899, and not for forty days.
By direction of the President the claimant, among other officers, was, by General Orders, No. 46, March 13, 1899, “discharged from the Volunteer Army of the United States by the Secretary of War, to take effect .May 12, 1899,” and in the same order the claimant was directed to proceed to his home, as he avers in his petition, the travel enjoined therefor being necessary for the public service.
There is no averment in the petition, nor is there any evidence showing or tending to show that there was any delay in receiving the said order of discharge.
The necessary effect of the order was to relieve the claimant from further military duty, and especialty as he was therein expressly directed to proceed to his home, during which period he was, by virtue of General Orders, No. 155, Headquarters of the Army, September 27, 1898, waiting ordei’s for his own convenience. Notwithstanding, the claimant was, by virtue of the order, relieved from duty and directed to proceed to his home, he, so far as the record and findings show, voluntarily remained on duty in Cuba until April 2, 1899; and then, for some reason not shown, but presumably upon the claimant’s representation that he had performed service during that period, the order discharging him was amended by Special Orders, No. Ill, Headquarters of the Army, May 12, 1899, to take effect June 2, 1899, during which time he was, by virtue of said General Orders, No. 155, on waiting orders for his own convenience. For the whole period, while so waiting orders for his own convenience, the claimant was paid prior to discharge.
The act of January 12,1899 (as correctly ruled by the W7ar Department and announced in General Orders, No. 13, Headquarters of the Army, January 17, 1899), applied only “to officers and enlisted men who belong to companies and regiments,” and not to officers of the general staff, of which the claimant was- one. Later, by the act of Ma}^ 12,1900, the act of January 12, 1899, was extended “to all volunteer officers of the general staff who have not received waiting-orders pay prior to discharge..” Hence the condition annexed to the extension of the act of January 12, 1899, to the claimant and *221 other officers of the general staff defeats the claimant’s right to recover in this case, as he had theretofore u received waiting-orders pay prior to discharge.” That is to say, he had been paid from March 13, 1899, the date of the original order discharging him, to April 2, and from April 2 to June 2, 1899, during which latter period there can be no question but that he was on waiting orders for his own convenience.
It is no answer to say that a portion of the time the claimant was sick in hospital, as the order placing him on waiting-orders from April 2 to June 2, 1899, was not modified by the War Department, and the court has no power to do so.
By the court’s decision the claimant is given, extra pay for forty days beyond the date of his discharge notwithstanding he had received waiting-orders pay prior to discharge.
The extra pajr is a gratuity given by the Congress for honest and faithful service, and it is not for the court to extend the . gratuity beyond the clear intent of the language of the act granting it.
In my view of the case, the allowance of the claim in excess of the waiting-orders pay already received by the claimant is unauthorized, and for that reason the petition should be dismissed.